UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARVIN GRILL,                               :
                                            :     **ORDER ADOPTING REPORT AND**
                       Plaintiff,           :     **RECOMMENDATION**
        -against-                           :     03-CV-3512 (DLI) (ARL)
                                            :
TRIANS PHOTO LAB, INC. D/B/A/               :
TRICOLOR IMAGING,                           :
                                            :
                       Defendant.           :
------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Marvin Grill ("Grill") brought suit against his employer, Trians Photo Lab, Inc. d/b/a/ Tri Color Imaging ("Tri Color" or "defendant") alleging that defendant violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq* ("ADEA") and New York Executive Law §§ 294 and 297 by terminating him. Defendant moved for summary judgment on all of the claims pursuant to Fed. R. Civ. P. 56. By order dated October 23, 2006, this court referred the motion to U.S. Magistrate Judge Arlene R. Lindsay for preparation of a Report and Recommendation ("R&R"). Judge Lindsay issued a R&R on January 30, 2007, and recommended that this court deny defendant's motion. Defendant filed timely objections to the R&R on February 10, 2007. Plaintiff filed a brief response to defendant's objections on February 20, 2007. For the reasons set forth below, the court adopts the R&R in its entirety.

**Discussion**

When reviewing a magistrate judge's report, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. §

636(b); *See also United States v. Raddatz,* 447 U.S. 667, 673-76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

ADEA cases are determined according to the framework set out by the Supreme Court in *McDonnell Douglas Corp. v Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Terry v. Ashcroft,* 336 F.3d 128, 137-38 (2d Cir. 2003). Under the *McDonnell Douglas* analysis, the plaintiff carries the initial burden of proving a prima facie case of discrimination. *Id.* To establish a prima facie case, the plaintiff must show that (1) he is a member of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *D'Cunha v. Genovese/Eckerd Corp.,* 04 CV 0391, 2007 WL 587249, *2 (2nd Cir. Feb 27, 2007). The parties agreed that plaintiff is a member of a protected class and he experienced an adverse employment action. In the R&R, Judge Lindsay determined that summary judgement was inappropriate because genuine issues of material fact exist regarding whether Grill was qualified for his position and whether Grill was terminated under circumstances that give rise to an inference of discrimination.

<u>Material Issues of Fact Exist Regarding Whether Grill Was Qualified for the Job</u>

In its objections to the R&R, defendant takes issue with Grill's qualifications for the position and contends that, because Grill was not qualified for the job, he fails to establish a prima facia case under ADEA. Essentially, defendant argues that Grill was not qualified because defendant's sales decreased when Grill was general manager, despite the fact that Grill admitted being instructed to increase sales. Defendant puts an inordinate amount of weight on the expectation that Grill would increase sales, perhaps because it can empirically show that sales decreased while Grill was general

manager. However, a *de novo* review of the record demonstrates that Grill was not only hired to increase sales, but had myriad other duties. Grill testified that:

> Q: After you asked Nick what your function would be, what specifically did he say?
> A: I would oversee the operation. Communicate with the existing accounts. Set up marketing programs. Set up sales programs, and proceed to actively pursue new accounts.
> Q: Were those, in fact, your duties and responsibilities as general manager at Tri Color?
> A: That's correct.

Deposition of Marvin Grill, annexed as Exhibit F to the Affidavit of Steven Seltzer ("Selzer Aff.").

Grill's account is corroborated by the testimony of Nick Melconian, the founder of Tri Color:

> Q: While you were in the restaurant, did you discuss what Mr. Grill's duties at Tri Color would be?
> A: Yes.
> Q: What did you discuss?
> A: He'll be general manager handling the whole lab, including sales.
> Q: Is that correct, you said the whole lab including sales?
> A: Yes.
> Q: Was there anything else discussed at this meeting about what Mr. Gill's duties and responsibilities at Tri Color would be?
> A: Well, knowing him, he's a good manager. I thought he will manage the lab better than–

Deposition of Nick Melconian, annexed the Selzer Aff. as Exhibit G. While increasing sales may have been one element of Grill's job, the testimony indicates that it was not exclusively Grill's job. In light of his other job responsibilities, whether or not a decrease in sales was enough to make Grill unqualified for his job, presents a genuine issue of material fact appropriate for a jury. *See* 84 CV 8397, 1992 WL 73468 (S.D.N.Y., Apr. 1, 1992) (triable issue of fact as to whether plaintiff was qualified for a position). Moreover, as explained below, genuine issues of material fact exist as to whether the drop in sales was attributable to Grill and, if so, whether it warranted his termination or was used as a pretext for age discrimination.

<u>Material Issues of Fact Exist as to Whether the Drop in Sales was a Pretext for Discrimination</u>

Tri Color alleges that its legitimate, non-discriminatory reason for firing Grill was the drop in sales during the year that he was general manager. However, Judge Lindsay found that Grill offered sufficient evidence to create a genuine issue of material fact with respect to whether the proffered reason was a pretext for discrimination. R&R at 12. Tri Color objects to Judge Lindsay's findings and claims that the loss in sales was the reason for Grill's termination because (1) Grill was warned, although not in so many words, that a loss of sales would lead to his termination; (2) Grill admitted that he failed to solicit new accounts; (3) other than Grill's ineptness, there is no reason for the decline in sales; (4) sales increased after Grill was terminated; (5) there is no evidence of discrimination; and (6) Tri Color is entitled to a strong inference that discrimination was not a factor.

Grill uses the same evidence that he used to establish his prima facia case to establish that defendant's non-discriminatory reason was a pretext. Namely, Grill alleges that he was qualified for the job and that he was replaced by a younger worker and that Tri Color has misconstrued his job responsibilities and his culpability for the decline in sales to create a pretextual reason for his termination. Grill is entitled to rely on the same evidence he used to establish pretext as he used to establish a prima facia case. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000) ("a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."). Thus, Grill has demonstrated that material issues of fact exist with respect to whether Tri Color's legitimate reason (the drop in sales) was pretextual by showing that he was replaced by a younger worker and that Tri Color may have misrepresented his responsibilities. *See Cross v. New York City Transit Authority*, 417 F.3d 241,

250 (2d Cir. 2005) (disparate treatment of younger workers used to show pretext and as part of the plaintiff's *prima facia* case).

The court has reviewed the record *de novo* for evidence that the decline in sales was a pretext for discrimination and finds that several genuine issues of material fact exist that preclude summary judgement. Tri Color asserts that its gross sales for 2000, when Grill was not the general manager, were $4,122,700.67. Affidavit of Eric Melconian, annexed as Exhibit K to the Selzer Aff. ("E. Melconian Aff.") at ¶ 4. Gross sales for 2001, when Grill was the general manager, were $3,892,783.41. *Id* at ¶ 5. Thus, in 2001 sales declined by $229,917.26, or 6% from 2000 levels. Tri Color's assertion that such a small decrease in sales was the reason for Grill termination creates myriad issues that are appropriate for a jury to determine. For example, did Alan Melconian's solicitation of Tri Color's accounts affect sales numbers? Did the September 11, 2001 terrorist attacks have an effect on sales, as Grill contends? Was 2000 a particularly strong year for sales? How important was an increase in sales during Grill's first year in light of Grill's other responsibilities? In sum, depending on the answers to these and perhaps other questions, Grill may present ample "evidence upon which a reasonable trier of fact could base the conclusion that age was a determinative factor in defendants' decision to fire him." *Schnabel v. Abramson,* 232 F.3d 83, 90 (2d Cir. 2000). Grill further alleges that Tri Color excused him from soliciting certain accounts because of a potential conflict with his wife – evidence that Tri Color was aware that Grill would not be soliciting certain business. *See* Defendant's Local Rule 56.1 Statement at ¶¶ 33-37. Finally, a jury may conclude that Tri Color's attempt to misconstrue Grill's duties and to blame the drop in sales exclusively on Grill is also evidence of pretext.

Tri Color also alleges that it is entitled to an inference that there was no discrimination

involved in Grill's termination because it hired Grill when he was 73 years old and terminated him when he was 74 years old. However, a defendant is only entitled to such an inference when it can show that the plaintiff was hired and fired by the same individual. *Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000)(the fact that the same person hired and fired plaintiff is highly relevant in showing age discrimination unlikely)**;** *Revere v. Bloomingdale's, Inc.*, 03 CV 5043 , 2006 WL 3314633, *5 (E.D.N.Y. Nov. 14, 2006); *Brollosy v. Margolin, Winer & Evens, LLP*, 04 CV 0873, 2006 WL 721433, *7 (E.D.N.Y. Mar. 20, 2006) ("here, because Selinger both hired Plaintiff at 54 and later fired her at 56, the 'same actor' inference applies. Moreover, the fact that Plaintiff was fired so soon after she was hired undercuts her argument that she was discharged because of her age; it would be difficult for a reasonable juror to conclude that Defendant fired Plaintiff because she was twenty-one months older than when she was hired."). Here, the circumstances surrounding Grill's termination are unclear, and the court cannot give Tri Color the inference it requests.

## Conclusion

After a *de novo* review of those portions of the R&R to which Tri Color objected, the court adopts Judge Lindsay's R&R in its entirety. The case is referred to Judge Lindsay for further pre-trial proceedings.

SO ORDERED.

DATED:     Brooklyn, New York
              April 13, 2007

                                                      _____/S/_____
                                                          DORA L. IRIZARRY
                                                          United States District Judge